UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ANGEL TUDOR,**

            **Plaintiff,**

            v.

**WHITEHALL CENTRAL SCHOOL DISTRICT,**

            **Defendant.**
_____

**1:20-cv-1338 (GLS/CFH)**

## SUMMARY ORDER

Plaintiff Angel Tudor brings this action against defendant Whitehall Central School District alleging a failure to accommodate claim[1] pursuant to the Americans with Disabilities Act (ADA).[2] (Am. Compl., Dkt. No. 9.) Now pending is the District's motion for summary judgment. (Dkt. No. 22.) For the reasons that follow, the District's motion is granted.

The District is a public school district located in Washington County, New York. (Def.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 22,

---

[1] Tudor originally alleged additional claims pursuant to New York State Human Rights Law and New York Executive Law, however, the parties stipulated to their dismissal. (Dkt. No. 16.)

[2] *See* 42 U.S.C. §§ 12101-213.

Attach. 1.)[3]  Tudor has been an employee of the District since 2006 as a substitute teacher, and, subsequently, as a full-time teacher.  (*Id.* ¶ 2.) Patrick Dee is the District's Superintendent, and Brian Keller is the Principal of the District's Junior-Senior High School.  (*Id.* ¶¶ 3-4.)  Tudor has sought accommodations from the District for her Post-Traumatic Stress Disorder (PTSD).  (*Id.* ¶ 7.)  The District asserts that Tudor sought "the ability to take three, uninterrupted breaks of at least fifteen minutes in duration each day during which [Tudor] was permitted to leave" school grounds.  (*Id.* ¶ 8.)  Tudor objects to this characterization of her accommodation request, maintaining that she only requested two fifteen-minute breaks, and that a third break, during lunch, "was not requested nor provided as an accommodation but was provided as matter of law irrespective any accommodation request."  (Pl.'s SMF ¶ 8, Dkt. No. 32.)

---

[3] Unless noted otherwise, the facts are undisputed.  To the extent Tudor disputes any of the facts asserted by the District, but fails to cite record support that shows an actual dispute, the fact is deemed admitted pursuant to Local Rule 56.1(b).  Further, to the extent Tudor asserts additional facts or makes arguments in her responsive paragraphs that do not directly dispute the facts alleged in the District's statement, these "facts" and arguments will not be considered in connection with this summary judgment motion "because they have not been submitted through the procedure outlined by N.D.N.Y. L.R. [56]."  *See Lomonoco v. Saint Anne Inst.*, No. 1:15-CV-1163, 2018 WL 2324051, at *1 (N.D.N.Y. May 22, 2018).

During the 2019-2020 school year, the period at issue here, (*id.* ¶¶ 70, 73, 76-78; *see* Am. Compl. ¶ 76), Tudor was only required to report to work in-person for one hundred days of the 2019-2020 school year, with the remainder of the school year being conducted remotely as a result of the COVID-19 pandemic. (Def.'s SMF ¶¶ 51-52, 54.) On the one hundred days Tudor was required to work in person during the 2019-2020 school year, she was permitted to take a break every morning during her "prep period," and also took a break during her lunch. (*Id.* ¶¶ 44-45.) Additionally, the District asserts that Keller scheduled Tudor to be assigned an unpopulated study hall every afternoon during the 2019-2020 school year so that she could take an afternoon break. (*Id.* ¶¶ 24, 31, 39.) Tudor disputes the fact that the study hall was unpopulated, noting that there were occasionally students present, and, additionally, maintains that Keller did not express to her that she was permitted to leave during the study hall or that it was being provided as an accommodation. (Pl.'s SMF ¶¶ 24, 31, 39.) However, Tudor was able to take an afternoon break on "[m]ost days," leaving the building in the afternoon on ninety-one days. (Def.'s SMF ¶¶ 44-47.) After the transition to remote instruction, Tudor "was able to take breaks when she needed them." (*Id.* ¶ 55.)

3

With respect to the 2019-2020 school year, Tudor "admit[ed] that . . . she could perform the essential functions of her job even though she was not granted her accommodation request," albeit "under great duress and harm." (Dkt. No. 22, Attach. 14 at 3-4; *see id.*, Attach. 13 at 3; *see id.*, Attach. 4 at 126-28*;* Def.'s SMF ¶¶ 84, 86.) "No one at the [school d]istrict expressed any concerns to [Tudor] about her job performance during the 2019-2020 school year," Tudor "was not counseled or disciplined," and she "did not lose any compensation or benefits." (Def.'s SMF ¶¶ 88, 92-94.)

Tudor filed a charge with the Equal Employment Opportunity Commission (EEOC) in March 2020, regarding the District's alleged failure to accommodate her during the 2019-2020 school year. (*Id.* ¶¶ 69-70.) Tudor thereafter received a right to sue notice in connection with that EEOC charge. (Dkt. No. 22, Attach. 8.)

The standard of review under Fed. R. Civ. P. 56 is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

The District argues that it is entitled to summary judgment because

4

Tudor has not established that she is considered disabled under the ADA. (Dkt. No. 22, Attach. 2 at 12-14.)  In the alternative, the District contends that, while it did not provide Tudor with the exact accommodation she requested, it provided a reasonable alternative accommodation.  (*Id.* at 14-21.)  Further the District maintains that it is entitled to summary judgment because Tudor "admits that she was able to perform her essential job duties during the 2019-2020 school year with the accommodations that were provided to her by the District, albeit under 'great duress and harm'" and faced no "adverse employment action as a result of any alleged failure by the District to accommodate her disability."  (*Id.* at 16-19.)[4]

Tudor argues that she has adequately established that she is considered disabled under the ADA.  (Dkt. No. 33 at 10-20.)  Tudor further contends that "Keller did not tell her that the afternoon study [hall] was being provided to her as [alternative] accommodation" which "compelled

---

[4]  Additionally, the District maintains that, "[t]o the extent . . . [Tudor] claims that the District violated the ADA by failing to engage in the ADA interactive process," there "is no independent cause of action for" such action, (Dkt. No. 22, Attach. 2 at 19-20), which is correct.  *See Kugel v. Queens Nassau Nursing Home Inc.*, 568 F. Supp. 3d 253, 262 (E.D.N.Y. 2021) ("Second Circuit case law is clear that failure to engage in a good-faith interactive process under ADA . . . does not state an independent cause of action." (collecting cases)).

[her] to accommodate herself by leaving the building during her study hall under threat of discipline." (*Id.* at 19, 21.) Finally, Tudor maintains that such a failure to accommodate her violated the ADA because her proposed accommodation was reasonable and would have allowed her to "perform the essential functions of [her] employment position." (*Id.* at 21-28.)

An employer may be liable under the ADA where it fails to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A); *see McBride v. BIC Consumer Prod. Mfg.*, 583 F.3d 92, 96 (2d Cir. 2009). To make a prima facie showing of an employer's failure to accommodate, a plaintiff must establish:

> "(1) the plaintiff is a person with a disability under the meaning of the statute in question; (2) an employer covered by the statute had notice of h[er] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."

*Norman v. NYU Langone Health Sys.*, Nos. 20-3624-cv, 20-3745-cv, 2021 WL 598699, at *3 (2d Cir. Dec. 17, 2021) (quoting *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019)).

Here, assuming, without deciding, that Tudor is disabled under the ADA, and that the scheduling arrangement in place regarding her afternoon study hall constituted a denial of Tudor's requested accommodation, the District's motion for summary judgment must still be granted.  The District points to uncontroverted evidence, including Tudor's own admissions, that, regardless of the alleged denial of her accommodation, she was able to perform the essential functions of her job, (Def.'s SMF ¶¶ 84, 86; *see* Dkt. No. 22, Attach. 14 ¶ 2; see *also id.*, Attach. 13 at 3; *id.*, Attach. 4 at 126-28), and, therefore, no fact finder could determine she has established the third element of her failure to accommodate claim, *see Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 139 (E.D.N.Y. 2015) (granting summary judgment, where "there [wa]s insufficient evidence from which a rational factfinder could conclude that plaintiff needed a reasonable accommodation to perform the essential functions of his job," because "plaintiff admitted that he met all of his job performance goals"); *see also Harvin v. Manhattan and Bronx Surface Transit. Operating Auth.*, No. 14-CV-5125, 2018 WL 1603872, at *5, (E.D.N.Y. Mar. 30, 2018) (collecting cases).  Accordingly, the District's motion for summary judgment must be granted.

7

Accordingly, it is hereby

**ORDERED** that the District's motion for summary judgment (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 9) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 21, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge