UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL TUDOR,

                                                                        1:20-cv-1338
                                                                         (MAD/CFH)

                v.

WHITEHALL CENTRAL
SCHOOL DISTRICT,

                Defendant.
_____

## SUMMARY ORDER

On April 19, 2023, defendant Whitehall Central School District filed a bill of costs, seeking a total of $1,659.75.  (Dkt. No. 41.)  On May 10, 2023, plaintiff Angel Tudor opposed the imposition of costs, contending that she has limited financial resources and that the case involved "difficult issues."  (Dkt. Nos. 43, 44.)  For the reasons explained below, costs are disallowed.[1]

---

[1] The procedural mechanisms used by the parties in bringing about review of the bill of costs are somewhat misguided.  First, the District filed its bill of costs as a "Motion for Bill of Costs."  (Dkt. No. 41.)  The applicable rule, however, contemplates the taxation of costs by the clerk on fourteen days *notice*.  See Fed. R. Civ. P. 54(d)(1).  And the Local Rules of Practice make clear that a party entitled to costs "shall file . . . a verified bill of costs . . . ."  N.D.N.Y. L.R. 54.1(a).  Second, Tudor filed an affidavit in opposition and memorandum of law, (Dkt. Nos. 43, 44) — her confusion may have been caused by the District's initial motion — instead of moving for a review of the taxation of costs as set out in the Federal

This Americans with Disabilities Act[2] matter was brought by Tudor in connection with her employment at the District. (Dkt. Nos. 1, 9.) The parties stipulated to the dismissal of all but a failure to accommodate claim, (Dkt. No. 16), and summary judgment was granted to the District on that claim because Tudor could not establish that an accommodation was necessary for her to perform the essential functions of her job as a teacher, (Dkt. No. 35). Tudor thereafter requested and was granted leave to appeal in forma pauperis (IFP). (Dkt. Nos. 45, 47.)

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, and as relevant here, the prevailing party should be allowed costs other than attorney's fees. Recoverable fees include

> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

Rules, or objecting within fourteen days as specified in Local Rule 54.1(a). In any event, the court overlooks the procedural irregularities and reaches the merits.

[2] *See* 42 U.S.C. §§ 12101-213.

>   (5)   Docket fees under section 1923 of this title;
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920.

The non-prevailing party "bears the burden of showing that costs should not be awarded." *Parks v. Blanchette*, No. 3:09-CV-604 (VAB), 2016 WL 1408075, at *1 (D. Conn. Apr. 8, 2016) (citing *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016)). "Denial of costs is appropriate where the losing party has 'limited financial resources' or the case involved difficult questions or an issue of public importance." *Id.* (quoting *Whitfield*, 241 F.3d at 270).

Tudor's opposition to the bill of costs is premised on her "limited resources" and her contention that the case involved difficult legal issues. (Dkt. No. 44.)  The District argues that Tudor's financial situation could improve by virtue of her ability to return to work, an award of disability or Workers' Compensation benefits, or an award of damages in a different action pending in this court, and that the case did not present difficult legal issues because it identified the very shortcomings that resulted in

summary judgment being granted in a letter sent to Tudor months before her deposition. (Dkt. No. 45 at 2-4.)

Although this case did not present particularly difficult issues of law, Tudor's limited financial resources counsel against the imposition of costs. The District's argument about potential avenues by which Tudor may, one day, be able to pay costs is speculative. As noted above, Tudor was granted leave to appeal IFP based upon a declaration, which demonstrates indigency and meets her burden to demonstrate that she is of limited resources. Accordingly, the bill of costs is disallowed.

Accordingly, it is hereby

**ORDERED** that the District's bill of costs (Dkt. No. 41) is **DISALLOWED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 1, 2024
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge